UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA L. VELASCO, ) | 1:07-cv-00362-TAG HC |
| ) | |
| Petitioner, ) | ORDER DENYING RESPONDENT'S |
| ) | MOTION TO DISMISS (Doc. 13) |
| ) | |
| v. ) | |
| ) | |
| T. HORNBECK, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed on January 18, 2007, in the United States District Court for the Northern District of California.[1] (Doc. 2). On March 6, 2007, the case was transferred to this Court. (Doc. 1). On January 9, 2008, the Court ordered Respondent to file a response. (Doc. 7). On March 7, 2008, Respondent filed the instant motion to dismiss in lieu of an answer, contending that Petitioner's claim was not fully exhausted in state court. (Doc. 13). Petitioner has not filed a response to the motion to dismiss.

---

[1] Although the petition is date stamped by the U.S. District Court for the Northern District of California as being filed on February 23, 2007, it is signed and dated by Petitioner as of January 18, 2007. (LD 7). In Houston v. Lack, the United States Supreme Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. Houston v. Lack, 487 U.S. 166, 276, 108 S. Ct. 2379 (1988). The rule is premised on the pro se prisoner's mailing of legal documents through the conduit of "prison authorities whom he cannot control and whose interests might be adverse to his." Miller v. Sumner, 921 F.2d 202, 203 (9th Cir. 1990); see, Houston, 487 U.S. at 271. Accordingly, the Court will assume, for the sake of this motion to dismiss, that the instant petition was filed per the "mailbox rule" on January 18, 2007.

1

**DISCUSSION**

A. <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u> <u>e.g.</u>, <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990)(using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-603 (9th Cir. 1989)(using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982)(same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on Respondent's contention that Petitioner has never exhausted her claim in the California Supreme Court. Accordingly, the Court will review the motion pursuant to its authority under Rule 4. <u>O'Bremski</u>, 915 F.2d at 420.

B. <u>Exhaustion</u>

A petitioner who is in state custody and wishes to collaterally challenge his or her conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518, 102 S. Ct. 1108 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276, 92. S. Ct. 509 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir.

1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan v. Henry, 513 U.S. 364, 365 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S.Ct. 1715 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000)(factual basis).

Additionally, the petitioner must have specifically told the state court that he or she was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (9th Cir. 2000)(italics added).

The facts are not in dispute.  Respondent has lodged documents with the Court that establish that on March 8, 2005, Petitioner pleaded guilty to one count of robbery and to several allegations that would result in sentence enhancements.  (Clerk's Transcript ("CT") 13-15).  On April 4, 2005,

3

Petitioner was sentenced to the upper term of five years under California's determinate sentencing laws, plus an additional one year term for use of a deadly weapon. (CT 25-26). The sentencing court based its sentence in part on the fact that Petitioner was on parole at the time of the crime and her prior performances on parole and probation were unsatisfactory due to additional offenses that Petitioner committed. (CT 25).

On September 19, 2005, Petitioner filed her opening brief in the California Court of Appeal, Fifth Appellate District ("5th DCA"), raising the claim that, pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), her rights were violated when the trial court imposed an upper term sentence based on facts not found by a jury beyond a reasonable doubt. (Doc. 2, p. 16; Doc. 14, Lodged Document ("LD") 1, pp. 4-9). On December 14, 2005, the 5th DCA affirmed the judgment, citing the California Supreme Court's decision in People v. Black, 35 Cal.4th 1238 (2005) that California's determinate sentencing scheme did not violate Blakely. (LD 3). On January 23, 2006, Petitioner filed her petition for review in the California Supreme Court, which denied the petition on February 22, 2006, without prejudice to any relief to which Petitioner might be entitled after the United States Supreme Court decided the pending case of Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007). (LD 5). As mentioned, on January 18, 2007, Petitioner filed the instant petition, claiming that her upper-term sentence violated her Sixth and Fourteenth Amendment rights under Blakely. (Doc. 2, p. 6). Because the petition was filed prior to the United States Supreme Court's decision in Cunningham, that decision is not cited.

Four days after Petitioner filed the instant petition, on January 22, 2007, the United States Supreme Court decided the Cunningham case, ruling that California's determinate sentencing law was flawed in that the imposition of upper term sentences violated a defendant's Sixth and Fourteenth Amendment rights by delegating to the judge rather than the jury the responsibility for finding facts justifying the upper term sentence. Cunningham, 549 U.S. at 275.

Respondent contends that Petitioner's Blakely claim is not exhausted because Cunningham significantly changed the nature of California sentencing law and thus Petitioner should have returned to state court to obtain further relief in light of Cunningham before filing her claim in federal court. (Doc. 13, p. 6). The Court disagrees.

4

In <u>Butler v. Curry</u>, 528 F.3d 624 (9th Cir. 2008), decided subsequent to Respondent's motion to dismiss, the Ninth Circuit clarified that the <u>Cunningham</u> decision, striking down California's determinate sentencing law, was compelled by <u>Blakely</u>, such that the decision as to whether a petitioner's constitutional rights herein were violated rests, as a threshold matter, on whether or not his conviction became final before <u>Blakely</u>, *not* <u>Cunningham</u>, was decided.  Citing <u>Teague v. Lane</u>, 489 U.S. 288, 306, 109 S.Ct. 1060 (1989), the Ninth Circuit panel states:

> <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u> made "courts throughout the land" aware that sentencing schemes that raise the maximum possible term based on facts not found by a jury violate the constitutional rights of defendants. [<u>Cunningham</u>, supra,] at 306. No principles of comity or federalism would be served by refusing to apply this rule to functionally indistinguishable state sentencing schemes on collateral review. <u>Cunningham</u> thus did not announce a new rule of constitutional law and may be applied retroactively on collateral review.

<u>Butler</u>, <u>supra</u>, at 639.

In <u>Butler</u>, the Magistrate Judge in the district court had rejected the same argument regarding exhaustion that Respondent is now raising in this case, and the district court the Magistrate Judge's recommendation.  In upholding the district court's approach that flatly rejected Respondent's argument, the Ninth Circuit pointed out the logical fallacy in premising lack of exhaustion on a subsequent Supreme Court decision that did not effect a "new rule":

> "The State also argues that Butler's habeas petition must be dismissed for failure to exhaust, because <u>Cunningham</u> constitutes an intervening change in federal law that casts the legal issue in a fundamentally different light....Before <u>Teague</u>, we sometimes held a habeas petition unexhausted because of changes in federal law....
>
> After <u>Teague</u>, an intervening change in federal law that casts the legal issue in a fundamentally different light is a "new rule" that cannot be applied on collateral review under any circumstances regardless of whether the petitioner has exhausted his state court remedies....Where there is no new rule announced, the state court has had a fair chance to address the issue when it was raised, and there is no reason to require further exhaustion.  <u>We hold that when a petition raises a claim in state court that is later resolved in a case that announced no "new rule," a petitioner is not obligated to return to state court to exhaust his remedies under that case.</u>"

<u>Butler</u>, 528 F.3d at 639. (Citations omitted)(Emphasis supplied).

The parties do not dispute that Petitioner raised her <u>Blakely</u> claim in the California Supreme Court and that the claim was denied, albeit without prejudice to return at a later time.  In light of <u>Butler</u>, however, the Court must conclude that Petitioner has "fairly presented," and thus fully exhausted, her <u>Blakely</u> claim to the highest state court because, contrary to Respondent's contention,

5

the subsequent Cunningham decision did not cast Petitioner's claim "in a significantly different light" or the constitutionality of California's sentencing scheme in a "fundamentally different light." (Doc. 13, pp. 4-5). Moreover, Blakely was decided on June 24, 2004, over eighteen months *before* Petitioner's conviction became final on conclusion of direct review on February 22, 2006. Thus, Blakely would be applicable to Petitioner's case. Butler, 528 F.3d at 639; Schardt v. Payne, 414 F.3d 1025, 1038 (9th Cir. 2005)(Blakely cannot be retroactively applied on collateral review to a decision that was final before Blakely was decided).

**ORDER**

Accordingly, the Court HEREBY ORDERS that Respondent's Motion to Dismiss (Doc. 13), is DENIED.  The Court will require Respondent to file a response to the petition and will set a briefing schedule by a separate order.

IT IS SO ORDERED.

Dated:   **February 20, 2009**                              /s/ Theresa A. Goldner
                                                        UNITED STATES MAGISTRATE JUDGE