1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF CALIFORNIA

7

8 TAMARA L. VELASCO,                        )   1:07-CV-00362 JMD HC
                                            )
          Petitioner,                       )   ORDER DENYING PETITION FOR WRIT OF
9                                           )   HABEAS CORPUS
      v.                                    )
10                                          )   ORDER DIRECTING CLERK OF COURT TO
   T. HORNBECK,                             )   ENTER JUDGMENT
11                                          )
          Respondent.                       )   ORDER DECLINING TO ISSUE
12                                          )   CERTIFICATE OF APPEALABILITY
                                            )
13

14       Petitioner Tamara Velasco ("Petitioner") is a State prisoner proceeding *pro se* with a petition

15 for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

16                              **PROCEDURAL HISTORY**

17       Petitioner is currently in the custody of the California Department of Corrections and

18 Rehabilitation pursuant to a plea of *nolo contendre* on April 4, 2005, for second degree robbery (Cal.

19 Penal Code §§ 211, 212.5(c)).  (Pet. at 2; Lod. Doc. 3).  Petitioner also admitted that she personally

20 used a dangerous or deadly weapon in the commission of the substantive offense (Cal. Penal Code §

21 12022(b)(1)).  (Lod. Doc. 3).  The trial court imposed a term of six years consisting of a five year

22 upper term for the substantive offense and a one year sentence enhancement for the weapon use.

23 (Id).

24       Petitioner appealed her sentence to the California Court of Appeal, Fifth District.  (Lod. Doc.

25 1; Pet. Ex. A).  The Court of Appeal issued a reasoned opinion on December 14, 2006, affirming

26 Petitioner's conviction.  (Lod. Doc. 3).

27       Petitioner filed a petition for review was filed in the California Supreme Court on January 19,

28 2006.  (Lod. Doc. 4; Pet. Ex. B).  The California Supreme Court denied the petition on February 22,

1  2006.  (Lod. Doc. 5).

2       On January 18, 2007, Petitioner filed the instant federal petition for writ of habeas corpus in

3  the Northern District of California, alleging two grounds for relief.  (Court Doc. 2).  The case was

4  transferred to this Court on March 8, 2007.  (Court Doc. 1).

5       Respondent filed an answer, responding to the allegations set forth in the petition, on April

6  16, 2009.  Respondent admits that the petition is timely filed.  (Answer at 1).  The Court has

7  previously found that Petitioner has exhausted her State remedies.  (Court Doc. 17).

8       Petitioner filed a reply to the Respondent's answer on June 1, 2009.

9  Consent to Magistrate Judge Jurisdiction

10      On March 21, 2007 and February 1, 2008, Petitioner consented, pursuant to Title 18 U.S.C.

11 section 636(c)(1), to have a magistrate judge conduct all further proceedings, including entry of the

12 final judgment.  (Court Docs. 4, 11).

13      On January 23, 2008 and April 21, 2009, Respondent also consented to the jurisdiction of a

14 magistrate judge.  (Court Docs. 10, 27).

15      On August 28, 2009, the case was reassigned to the undersigned for all further proceedings.

16 (Court Doc. 29).

17                              **DISCUSSION**

18 **I.       Jurisdiction and Venue**

19      A person in custody pursuant to the judgment of a State court may petition a district court for

20 relief by way of a writ of habeas corpus if the custody is in violation of the Constitution, laws, or

21 treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529

22 U.S. 362, 375 n.7 (2000).  Petitioner asserts that she suffered violations of her rights as guaranteed

23 by the United States Constitution during the course of her conviction in Kern County, which is

24 within this judicial district.  28 U.S.C. § 84(b).  Thus, the Court has jurisdiction over and is the

25 proper venue for Petitioner's claims.  *See* 28 U.S.C. § 2241(d).

26 **II.      ADEPA Standard of Review**

27      All petitions for writ of habeas corpus filed after 1996 are governed by the Antiterrorism and

28 Effective Death Penalty Act of 1996 ("AEDPA"), enacted by Congress on April 24, 1996.  *Lindh v.*

U.S. District Court
E. D. California

2

1  *Murphy*, 521 U.S. 320, 326-327 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert.*

2  *denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th

3  Cir. 1996), *cert. denied*, 520 U.S. 1107 (1997), *overruled on other grounds by Lindh*, 521 U.S. 320

4  (holding AEDPA only applicable to cases filed after statute's enactment)).  The instant petition was

5  filed in 2008 and is consequently governed by AEDPA's provisions.  *Lockyer v. Andrade*, 538 U.S.

6  63, 70 (2003).  As Petitioner's custody arises from a State court judgment, Title 28 U.S.C. section

7  2254 is the exclusive vehicle for Petitioner's habeas petition.  *Sass v. California Board of Prison*

8  *Terms*, 461 F.3d 1123, 1126-1127 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1006

9  (9th Cir. 2004) in holding that § 2254 is the exclusive vehicle for a habeas petitioner in custody

10  pursuant to a State court judgment even though he is challenging the denial of his parole).

11       Under AEDPA, a petition for habeas corpus "may be granted only if [Petitioner]

12  demonstrates that the State court decision denying relief was 'contrary to, or involved an

13  unreasonable application of, clearly established federal law, as determined by the Supreme Court of

14  the United States.'" *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007) (quoting 28 U.S.C. §

15  2254(d)(1)); *see also Lockyer*, 538 U.S. at 70-71.  As a threshold matter, this Court must "first

16  decide what constitutes 'clearly established federal law, as determined by the Supreme Court of the

17  United States.'" *Lockyer*, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)).  In ascertaining what is

18  "clearly established federal law," this Court must look to the "holdings, as opposed to the dicta, of

19  [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* (quoting

20  *Williams*, 592 U.S. at 412).  "In other words, 'clearly established federal law' under § 2254(d)(1) is

21  the governing legal principle or principles set forth by the Supreme Court at the time the State court

22  renders its decision." *Id.*

23       Finally, this Court must consider whether the State court's decision was "contrary to, or

24  involved an unreasonable application of, clearly established federal law." *Lockyer*, 538 U.S. at 72,

25  (quoting 28 U.S.C. § 2254(d)(1)).  "Under the 'contrary to' clause, a federal habeas court may grant

26  the writ if the State court arrives at a conclusion opposite to that reached by [the Supreme] Court on

27  a question of law or if the State court decides a case differently than [the] Court has on a set of

28  materially indistinguishable facts."  *Williams*, 529 U.S. at 413; *see also Lockyer*, 538 U.S. at 72.

1   "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the State

2   court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

3   applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413.  "[A] federal

4   court may not issue the writ simply because the court concludes in its independent judgment that the

5   relevant State court decision applied clearly established federal law erroneously or incorrectly.

6   Rather, that application must also be unreasonable." *Id.* at 411.  A federal habeas court making the

7   "unreasonable application" inquiry should ask whether the State court's application of clearly

8   established law was "objectively unreasonable." *Id.* at 409.

9         Petitioner bears the burden of establishing that the State court's decision is contrary to or

10  involved an unreasonable application of United States Supreme Court precedent.  *Baylor v. Estelle*,

11  94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth

12  Circuit precedent remains relevant persuasive authority in determining whether a State court decision

13  is objectively unreasonable. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003); *Duhaime v.*

14  *Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

15        AEDPA requires that a federal habeas court give considerable deference to State court's

16  decisions. The State court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1).

17  Furthermore, a federal habeas court is bound by a State's interpretation of its own laws. *Souch v.*

18  *Schaivo*, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537

19  U.S. 1149 (2003).

20        The initial step in applying AEDPA's standards requires a federal habeas court to "identify

21  the state court decision that is appropriate for our review." *Barker v. Fleming*, 423 F.3d 1085, 1091

22  (9th Cir. 2005).  Where more than one State court has adjudicated Petitioner's claims, the Court

23  analyzes the last reasoned decision.  *Id*. (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) for the

24  presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests

25  upon the same ground as the prior order).  Thus, a federal habeas court looks through ambiguous or

26  unexplained State court decisions to the last reasoned decision in order to determine whether that

27  decision was contrary to or an unreasonable application of clearly established federal law.  *Bailey v.*

28  *Rae*, 339 F.3d 1107, 1112-1113 (9th Cir. 2003).

U.S. District Court
E. D. California

4

1    Here, the California Court of Appeal and the California Supreme Court all adjudicated

2    Petitioner's claims.  (*See* Answer Exs. B; Lod. Docs. 3, 5).  As the California Supreme Court issued

3    a summary denial of Petitioner's claims, the Court "look[s] through" that court's decision to the last

4    reasoned decision; namely, that of the California Court of Appeal. *See Ylst v. Nunnemaker*, 501 U.S.

5    at 804.

6    **III.    Review of Petitioner's Claim**

7        The petition sets forth two grounds for relief, alleging that Petitioner's constitutional rights

8    were violated by: (1) the trial court's imposition of the upper term; and (2) trial counsel's failure to

9    object to the imposition of the upper term.

10        ***B.    Ground One: Imposition of Upper Term***

11        Petitioner contends that the trial court's imposition of the upper term for the substantive

12    offense of second degree robbery violates her Sixth Amendment right to a jury trial and her

13    Fourteenth Amendment right to due process of the law.[1]  (Pet. at 5).  Specifically, Petitioner argues

14    that her Sixth and Fourteenth Amendment rights were violated based on clearly established federal

15    law derived from *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny.  In *Apprendi*, the

16    United States Supreme Court overturned a State sentencing scheme as violative of a criminal

17    defendant's right to have a jury verdict based on proof beyond reasonable doubt.  The sentencing

18    scheme permitted a trial judge to enhance a defendant's penalty beyond the prescribed statutory

19    maximum upon a finding by a preponderance of the evidence that the defendant committed the crime

20    with racial animus.  *Id*. at 469.  The Supreme Court held that the Sixth Amendment right to a jury

21    trial required that "any fact that increases the penalty for a crime beyond the prescribed statutory

22    maximum must be submitted to jury, and proved beyond a reasonable doubt." *Id.* at 490.  In *Blakely*

23    *v. Washington*, 542 U.S. 296, 303-304 (2004), the high court explained that the "statutory

24    maximum" is the maximum sentence a judge may impose based exclusively on the facts reflected in

25

26

27        [1]The United States Supreme Court has previously stated that, "the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Jones v. United States*, 526 U.S. 227, 246 n. 6) (1999).  In *Apprendi v. New Jersey*, 530 U.S. 466, 475 (2000), the Supreme Court recognized that "[t]he Fourteenth Amendment commands the same answer."

28

U.S. District Court
E. D. California                                         5

1  the jury verdict or admitted by the defendant and not the maximum sentence a judge may impose

2  after finding additional facts.

3      This claim was presented on direct appeal to the California Court of Appeal, Fifth Appellate

4  District.  The state appellate court issued a reasoned decision affirming Petitioner's sentence.  (See

5  Lod Doc. 3).  In making its decision, the California Court of Appeal relied exclusively on *People v.*

6  *Black*, 35 Cal.4th 1238 (2005), to reject Petitioner's claim.  (Lod. Doc. 3 at 2).  In *Black*, the

7  California Supreme Court held that California's determinative sentencing law satisfied federal

8  constitutional law, stating:

9          *Blakely* and *Booker*[*v. Washington*, 543 U.S. 220, 125 S.Ct. 738 (2005)]established a
           constitutionally significant distinction between a sentencing scheme that permits
10         judges to engage in the type of judicial fact finding typically and traditionally
           involved in the exercise of judicial discretion employed in selecting a sentence from
11         within the range prescribed for an offense, and a sentencing scheme that assigns to
           judges the type of fact-finding role traditionally exercised by juries in determining the
12         existence or nonexistence of elements of an offense.

13  *Black*, 35 Cal.4th at 1253.  The *Black* court went on to find that "in operation and effect, the

14  provisions of the California determinate sentencing law simply authorize a sentencing court to

15  engage in the type of fact-finding that traditionally has been incident to the judge's selection of an

16  appropriate sentence within a statutorily prescribed sentencing range." *Id.* at 1254.  The *Black* court

17  held that the "presumptive" midterm does nothing more than establish a "reasonableness" constraint

18  on an otherwise wholly discretionary sentencing choice akin to that which the United States Supreme

19  Court has deemed constitutional.  *Id*. at 1261.

20      Similar to California's determinate sentencing law, the State sentencing schemes in both

21  *Apprendi* and *Blakely* established an ordinary sentencing range but permitted the trial judge to

22  impose a sentence in excess of that range if the judge determined the existence of specified facts not

23  intrinsic to the crime.  In *Blakely*, the United States Supreme Court held that a sentence in excess of

24  the ordinary range was unconstitutional because it was based on facts that were not admitted by

25  defendant or found true by the jury beyond a reasonable doubt.  Consequently, in *Cunningham v.*

26  *California*, 549 U.S. 270, 293 (2007), the United States Supreme Court held that the California

27  Supreme Court's ruling in *Black* was erroneous.  The *Cunningham* court noted that the middle term

28  specified in California's statutes was the relevant statutory maximum for the purpose of applying

1    *Blakely* and *Apprendi*.  The high court further concluded that the imposition of the upper term based

2    solely upon a trial judge's fact finding violated the defendant's Sixth and Fourteenth Amendment

3    rights because it "assigns to the trial judge, not the jury, authority to find facts that expose a

4    defendant to an elevated 'upper term' sentence."  *Id.* at 274.

5           Based on the foregoing, the California Court of Appeal's decision relying on *Black* is

6    contrary to clearly established federal law in *Apprendi* and *Blakely*.  However, this finding does not

7    automatically entitle Petitioner to relief, as the "power to grant the writ of habeas corpus to a state

8    inmate depends on his actually being 'in custody in violation of the Constitution or laws . . . of the

9    United States.'"  *Butler v. Curry*, 528 F.3d 624, 633 (9th Cir. 2008) (citing 28 U.S.C. § 2241(c)(3)).

10   To this end, the Court must apply a *de novo* standard of review to determine whether a constitutional

11   violation has occurred.  *Id*.

12          *Apprendi* and its progeny clearly establish that "other than the fact of a prior conviction, any

13   fact that increases the penalty for a crime beyond the prescribed maximum must be submitted to a

14   jury, and proved beyond a reasonable doubt."  *Apprendi*, 530 U.S. at 490.  The prior conviction

15   exception first enunciated in *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998), is a

16   limited exception that does not encompass whether a petitioner was on probation at the time the

17   petitioner committed the crime.  *Butler*, 528 FR.3d at 641.[2]  Here, the trial court imposed the upper

18   term as a result of Petitioner's probationary status, stating:

19                There is a circumstance in mitigation, she entered a plea at an early stage of
             the proceedings.  She was on parole as the time of the commission of the crime, and
20           that is determined and deemed a circumstance in aggravation.  Her prior performance
             on probation and parole have been unsatisfactory due to further offenses.
21                When one considers those circumstances in aggravation and weighed against
             the one in mitigation, it would appear to the Court that the aggravating circumstances
22           are of greater weight, therefore, the Court does find that the upper term is the
             appropriate term.
23
     (Lod. Doc. 6, Clerk's Transcript, at 25).
24

25

26
              [2]The Ninth Circuit recently recognized that the issue of whether parole/probationary status falls within the prior
27   conviction exception is not clearly established for AEDPA purpose as other courts have disagreed with the Ninth Circuit's
     decision in *Butler*.  *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-679 (9th Cir. 2009).  However, the Court notes that
28   *Kessee* is irrelevant as the Court has ruled *supra* that the State court's decision was an unreasonable application of clearly
     established federal law.

1    The *Butler* court found that probationary status at the time of the crime does not fall within

2  the prior conviction exception stated in *Almendarez-Torres*, and is thus required to be found by a

3  jury.  Consequently, the trial court's imposition of the upper term based on the court's finding of this

4  fact violated Petitioner's constitutional rights.

5    However, the Court finds that Petitioner is not entitled to habeas corpus relief as any

6  sentencing error was harmless.  *See Washington v. Recuenco*, 548 U.S. 212, 220 (2006) (sentencing

7  errors are subject to harmless error analysis); *see also Butler*, 528 F.3d at 648.  The United States

8  Supreme Court has substantially restricted a state prisoner's entitlement to federal habeas corpus

9  relief by requiring a showing that the violation of a federally guaranteed right had a "substantial and

10  injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619,

11  623 (1993) (quoting *Kotteakos v. United States*, 328 U.S. 750, 776 (1946)).  "Under that standard,

12  we must grant relief if we are in 'grave doubt' as to whether a jury would have found the relevant

13  aggravating factors beyond a reasonable doubt." *Butler*, 528 F.3d at 648 (citing *O'Neal v.

14  McAninch*, 513 U.S. 432, 436 (1995).).  "Grave doubt exists when, 'in the judge's mind, the matter is

15  so evenly balanced that he feels himself in virtual equipoise as to the harmlessness of the error.'"

16  *Butler*, 528 F.3d at 648 (citing *O'Neal*, 513 U.S. at 435).  Furthermore, "the relevant question is not

17  what the trial court *would* have done, but what it legally *could* have done."  *Butler*, 528 F.3d at 648-

18  649 (emphasis in original).  Under California law only one aggravating factor need to be proven for

19  imposition of the upper term.  *See People v. Black*, 41 Cal.4th 799, 806 (Cal. 2007) ("*Black II*");

20  *Butler*, 528 F.3d at 642-643.

21    Here, the undisputed evidence would have led the jury to conclude beyond a reasonable doubt

22  that Petitioner was on parole at the time the crime was committed.  The probation officer's report,

23  not present in *Butler*, 528 F.3d at 651-652, noted Petitioner was on parole for violating California

24  Penal Code section 475(c), starting September 14, 2004.  The crime was committed on February 6,

25  2005.  The report specifically listed Petitioner's status as a parolee as a circumstances in aggravation.

26  Thus, the trial court's imposition of the upper term upon the aggravating factor that Petitioner was on

27  parole at the time she committed the crime was harmless as a jury would have found this fact beyond

28  a reasonable doubt.  Accordingly, the Court denies the petition for writ of habeas corpus on this

U.S. District Court
E. D. California

8

1  ground.

2  ### *C.      Ground Two: Ineffective Assistance of Counsel*

3  Generally, ineffective assistance of  counsel claims are analyzed under the "unreasonable

4  application" prong of 28 U.S.C. § 2254(d).  *Weighall v. Middle*, 215 F.3d 1058, 1061-1062 (9th Cir.

5  2000).  For the purposes of habeas cases governed by 28 U.S.C. § 2254(d), the law governing

6  ineffective assistance of counsel claims is clearly established.  *Canales v. Roe*, 151 F.3d 1226, 1229

7  (9th Cir. 1998).  An allegation of ineffective assistance of counsel requires that a petitioner establish

8  two elements–(1) counsel' s performance was deficient and (2) petitioner was prejudiced by the

9  deficiency.  *Strickland v. Washington*, 466 U.S. 668, 687(1984); *Lowry v. Lewis*, 21 F.3d 344, 346

10  (9th Cir. 1994).   Under the first element, Petitioner must establish that counsel's representation fell

11  below an objective standard of reasonableness, specifically identifying alleged acts or omissions

12  which did not fall within reasonable professional judgment considering the circumstances.

13  *Strickland*, 466 U.S. at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).

14  Judicial scrutiny of counsel's performance is highly deferential and there exists a strong presumption

15  that counsel's conduct fell within the wide range of reasonable professional assistance.  *Strickland*,

16  466 U.S. at 687; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

17  Secondly, Petitioner must show that counsel's errors were so egregious that Petitioner was

18  deprived of the right to a fair trial, namely a trial whose result is reliable.  *Strickland*, 466 U.S. at

19  687.   To prevail on the second element, Petitioner bears the burden of establishing that there exists

20  "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

21  would have been different.  A reasonable probability is a probability sufficient to undermine

22  confidence in the outcome." *Quintero-Barraza*, 78 F.3d at 1348 (quoting *Strickland*, 466 U.S. at

23  694).  A court need not determine whether counsel's performance was deficient before examining

24  the prejudice suffered by the Petitioner as a result of the alleged deficiencies.  *Strickland*, 466 U.S. at

25  697.  Since prejudice is a prerequisite to a successful claim of ineffective assistance of counsel, any

26  deficiency that was not sufficiently prejudicial to Petitioner's case is fatal to an ineffective assistance

27  of counsel claim.  *Id*.

28  \\\

1      Here, Petitioner contends that counsel was deficient as counsel failed to object to the

2   imposition of the upper term.  Petitioner's claim must fail as counsel's failure to object was not

3   deficient nor was it prejudicial.  Counsel may not have objected because counsel reasonably

4   understood *Almendarrez-Torres* exception to encompass parole/probationary status.  *See Kessee*, 574

5   F.3d at 678-679 (noting sister circuits which have found parole/probationary status to fall under the

6   prior conviction exception).  Furthermore, Petitioner has failed to demonstrate that had counsel

7   objected on *Apprendi* and *Blakely* grounds, the trial court would have imposed a different sentence.

8   As the Court found *supra*, Petitioner's status on parole would have been found by a jury beyond a

9   reasonable doubt.  Thus, Petitioner is not entitled to relief on this ground and the petition must be

10  denied.

11  **IV.     Certificate of Appealability**

12      A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

13  district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-*

14  *El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue

15  a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may

16  issue a certificate of appealability where "the applicant has made a substantial showing of the denial

17  of a constitutional right."  Where the court denies a habeas petition, the court may only issue a

18  certificate of appealability "if jurists of reason could disagree with the district court's resolution of

19  his constitutional claims or that jurists could conclude the issues presented are adequate to deserve

20  encouragement to proceed further."  *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473,

21  484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate

22  "something more than the absence of frivolity or the existence of mere good faith on his . . . part."

23  *Miller-El*, 123 S.Ct. at 1040.

24      In the present case, the Court finds that reasonable jurists would not find the Court's

25  determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

26  deserving of encouragement to proceed further.  Petitioner has not made the required substantial

27  showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

28  certificate of appealability.

1

**ORDER**

2    Accordingly, IT IS HEREBY ORDERED that:

3    1. The Petition for Writ of Habeas Corpus is DENIED with prejudice;

4    2. The Clerk of Court is DIRECTED to enter judgment; and

5    3. The Court DECLINES to issue a certificate of appealability.

6

7  IT IS SO ORDERED.

8  **Dated:     September 3, 2009              /s/ John M. Dixon          **
UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

U.S. District Court

E. D. California

11